UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FULTON COUNTY EMPLOYEES' RETIREMENT SYSTEM, Derivatively on Behalf of THE GOLDMAN SACHS GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> LLOYD BLANKFEIN, DAVID M. SOLOMON, M. MICHELE BURNS, MARK A. FLAHERTY, WILLIAM W. GEORGE, JAMES A. JOHNSON, ELLEN J. KULLMAN, LAKSHMI N. MITTAL, ADEBAYO O. OGUNLESI, PETER OPPENHEIMER, DAVID A. VINIAR, and MARK O. WINKELMAN, <br><br> Defendants, <br><br> and <br><br> THE GOLDMAN SACHS GROUP, INC., <br><br> Nominal Defendant. | Case No. 1:19-cv-01562 (VSB) |

~~EXHIBIT A: [PROPOSED]~~ ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the Parties to the shareholder derivative action, styled *Fulton County Employees' Retirement System v. Blankfein et al.*, 1:19-cv-01562 (VSB) (S.D.N.Y.) (the "Action"), currently pending before the United States District Court for the Southern District of New York (the "Court"), having applied pursuant to Federal Rule of Civil Procedure 23.1 for an order preliminarily approving ("Preliminary Approval Order") the proposed settlement of the Action in accordance with the Stipulation and Agreement of Settlement entered into by the Parties on May 13, 2022 (the "Stipulation" or the "Settlement"), upon the terms and conditions set forth therein;

WHEREAS, all capitalized terms contained herein shall have the same meanings and

definitions as set forth in the Stipulation and the Exhibits annexed thereto (in addition to those capitalized terms defined herein); and

WHEREAS, the Court having read and considered the Stipulation and accompanying documents, and all Parties having consented to the entry of this Preliminary Approval Order,

**NOW, THEREFORE,** this 16th day of   September, 2022, upon application of the Parties, **IT IS HEREBY ORDERED:**

1. The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Settlement, as embodied in the Stipulation and the Exhibits attached thereto, including the terms and conditions for settlement of the Action.

2. For the purposes of the proposed Settlement only, the Court preliminarily finds that the Action was properly brought as a derivative action for and on behalf of The Goldman Sachs Group, Inc. ("Goldman Sachs"), and that Plaintiff fairly and adequately represents the interests of Goldman Sachs shareholders similarly situated in enforcing the rights of Goldman Sachs.

3. Plaintiff Counsel is authorized to act on behalf of Goldman Sachs shareholders with respect to all acts required by the Stipulation or such other acts which are reasonably necessary to consummate the Settlement set forth in the Stipulation.

4. A hearing (the "Settlement Hearing") shall be held before this Court on  January 13, 2023 , at 2:00 PM, Eastern Daylight Time, at the United States District Court for the Southern District of New York, 40 Foley Square, New York, New York 10007, to:

   i. determine whether the Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to Goldman Sachs shareholders and to Goldman Sachs and should be approved by the Court;

   ii. determine whether a Final Judgment and Order of Dismissal should be entered dismissing the Action with prejudice;

   iii. determine whether any application made by Plaintiff Counsel for an award of

        fees and expenses (the "Fee Application") and any application by Plaintiff for a service award (the "Service Award"), relating to its prosecution of the Action, should be granted;

    iv.    hear and address any objections to the Settlement; and

    v.    rule on such other matters as the Court may deem appropriate.

5.    The Court reserves the right to: (i) approve the Settlement at or after the Settlement Hearing with such modification(s) as may be consented to by the Parties to the Stipulation and without further notice to Goldman Sachs shareholders; and (ii) adjourn the Settlement Hearing (or any adjournment thereof), without further notice of any kind to Goldman Sachs shareholders.

6.    The Court approves, in form and substance, the Notice of Settlement of Shareholder Derivative Litigation and Hearing ("Notice"), annexed as Exhibit B hereto, and the Summary Notice of Settlement of Shareholder Derivative Litigation ("Summary Notice"), annexed as Exhibit C hereto, and finds that the form and method of notice specified herein constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement Hearing to all persons entitled to receive such notice and fully satisfies the requirements of due process, Federal Rule of Civil Procedure 23.1 and applicable law.

7.    The Parties shall administer the notice procedure as more fully set forth below:

    i.    Not later than seven (7) calendar days following entry of this Preliminary Approval Order, Goldman Sachs shall publish the Notice as a Current Report on Form 8-K filed with the Securities and Exchange Commission and shall publish the Stipulation and Notice on an Internet page created by Goldman Sachs that will be accessible via a link on the "Investor Relations" page of http://www.goldmansachs.com, the address of which shall be contained in the Notice and Summary Notice.

    ii.    Not later than seven (7) calendar days following entry of the Preliminary Approval Order, Goldman Sachs shall publish the Summary Notice, or a substantially similar notice, (a) once as a quarter-page advertisement in the national and local editions of the *Wall Street Journal* and *New York Times*, and (b) via a national wire service.

      iii.    Not later than seven (7) calendar days following entry of the Preliminary Approval Order, Plaintiff Counsel shall publish the Stipulation and Notice on the firm's website, the address of which shall be contained in the Notice and Summary Notice.

      iv.    At least five (5) calendar days before the Settlement Hearing, counsel for Plaintiff and Counsel for Goldman Sachs shall separately file with the Court the appropriate notice of proof of compliance with the procedures described herein in Paragraph 7.

8. The Notice Costs described in paragraph 7 shall be borne in accordance with the terms of the Stipulation.

9. All Goldman Sachs shareholders shall be bound by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Goldman Sachs shareholders.

10. All proceedings and pending deadlines in the Action, other than such proceedings as may be necessary to effectuate the terms and conditions of the Settlement are hereby stayed and suspended until further order of this Court.

11. All papers in support of the Settlement and any application for attorneys' fees and/or reimbursement of expenses submitted by Plaintiff and/or Plaintiff Counsel shall be filed with the Court and served at least thirty-five (35) days before the Settlement Hearing.

12. All objections to the Settlement, the Fee Application, and/or the Service Award shall be submitted to the Court either by mailing them to the Clerk of the Court, or by filing them in person at any location of the United States District Court for the Southern District of New York on or before twenty-one (21) days before the Settlement Hearing. All objections to the Settlement, the Fee Application, and/or the Service Award are subject to paragraph 14 below and will potentially be waived and forever foreclosed, as outlined in paragraph 15 below.

13. All papers in response to any objection to the Settlement, the Fee Application,

and/or the Service Award shall be filed with the Court and served on or before seven (7) days before the Settlement Hearing.

14. Any Goldman Sachs shareholder who objects to any aspect of the Settlement, the Fee Application, the Service Award, and/or the Final Judgment and Order of Dismissal to be entered in the Action, may file an objection. Any objection must: (i) identify the case name and case number *Fulton County Employees' Retirement System v. Blankfein et al.*, No. 1:19-cv-01562 (VSB) (S.D.N.Y.); (ii) state the objector's name, address, and telephone number, and if represented by counsel, the name, address, and telephone number of the objector's counsel, and must be signed by the objector; (iii) contain a representation as to whether the objector and/or his, her, or their counsel intends to appear at the Settlement Hearing; (iv) contain a statement of the objection(s) to any matters before the Court, the grounds for the objection(s) or the reasons for the objector's desiring to appear and be heard, as well as all documents or writings the objector desires the Court to consider, including any legal and evidentiary support; (v) if the objector has indicated that he, she, or they intends to appear at the Settlement Hearing, state the identities of any witnesses the objector may call to testify and any exhibits the objector intends to introduce into evidence at the Settlement Hearing; and (vi) include documentation sufficient to prove that the objector owned shares of Goldman Sachs common stock as of the close of business on May 13, 2022 (the "Record Date"), together with a statement that the objector continues to hold shares of Goldman Sachs common stock on the date of filing of the objection and will continue to hold shares of Goldman Sachs common stock as of the date of the Settlement Hearing. Documentation establishing ownership of Goldman Sachs common stock must consist of copies of a brokerage account statement or an authorized statement from the objector's broker containing the information found in an account statement. The objecting shareholder may not ask the Court to order a larger settlement; the Court

can only approve or deny the Settlement. Such shareholder may also appear at the Settlement Hearing, either in person or through his, her or their own attorney. If said shareholder appears through his, her, or their own attorney, he, she, or they is responsible for paying that attorney. Any such written objections and supporting papers must: (i) clearly identify the case name and number; (ii) be submitted to the Court (with copies to Plaintiff Counsel and Defendants Counsel) either by mailing them to the Clerk of the Court for the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, or by filing them in person at any location of the United States District Court for the Southern District of New York; and (iii) be filed and received on or before twenty-one (21) calendar days prior to the Settlement Hearing.

15. Any Goldman Sachs shareholder who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall forever be foreclosed from raising such objection to the fairness, reasonableness or adequacy of the Settlement as incorporated in the Stipulation and to any award of attorneys' fees and expenses to Plaintiff and/or Plaintiff Counsel, unless otherwise ordered by the Court, but shall otherwise be bound by the Preliminary Approval Order and the Final Judgment and Order of Dismissal to be entered and the Releases to be given.

16. If the Settlement is approved by the Court following the Settlement Hearing, the Final Judgment and Order of Dismissal will be entered as described in the Stipulation. If the Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof made with the consent of the Parties as provided for in the Stipulation), any certifications herein and any actions taken or to be taken in connection therewith (including this Preliminary Approval Order and any judgment entered herein) shall be terminated and shall become

null and void and of no further force and effect, except for Goldman Sachs, Plaintiff and Plaintiff Counsel's obligations to pay, in accordance with the terms of the Stipulation, expenses incurred in connection with the provision of the notice prescribed by this Order. In that event, neither the Stipulation, nor any provision contained in the Stipulation, nor any action undertaken pursuant thereto, nor the negotiation thereof by any party, shall be deemed an admission, concession, or received as evidence in this or any other suit, action or proceeding.

17.     The existence of the Stipulation, its contents and any negotiations, statements, or proceedings in connection therewith will not be argued to be, and will not be construed or deemed to be, a presumption, concession or admission by any of the Released Parties or any other Person of any fault, liability or wrongdoing as to any facts or claims alleged or asserted in the Action, or that Goldman Sachs, Plaintiff, Plaintiff Counsel, any present or former shareholders of Goldman Sachs or any other Person, have suffered any damage attributable in any manner to any of the Released Parties. Nor shall the existence of the Stipulation and its contents or any negotiations, statements or proceedings in connection therewith be construed as a presumption, concession or admission by Plaintiff or Plaintiff Counsel of any lack of merit of the Released Claims, or that Goldman Sachs has not suffered cognizable damages caused by Defendants. The existence of the Stipulation, its contents or any negotiations, statements, or proceedings in connection therewith, shall not be offered or admitted in evidence or referred to, interpreted, construed, invoked or otherwise used by any Person for any purpose in the Action or in any other civil, criminal or administrative action, proceeding or forum, except as may be necessary to effectuate the Settlement. This provision shall remain in force in the event that the Settlement is terminated for any reason whatsoever. Notwithstanding the foregoing, any of the Released Parties may file the Stipulation or any judgment or order of the Court related hereto in any other action that has been or may in the

future be brought against them, in order to support any and all defenses or counterclaims based on res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or as necessary for any of the Released Parties to pursue their rights under any insurance policy.

18. The Court retains jurisdiction to consider all further applications arising out of, based upon or related to the Settlement.

**SO ORDERED.**

Dated:    September 16, 2022
          New York, New York

*[signature]*
The Honorable Vernon S. Broderick
United States District Judge