UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
                                       :

FULTON COUNTY EMPLOYEES'         :
RETIREMENT SYSTEM, Derivatively on Be:
THE GOLDMAN SACHS GROUP, INC.,  :
                                         :                    19-CV-1562 (VSB)
                 Plaintiff         :
                                         :               **FINAL JUDGMENT AND**
               -against-        :               **ORDER OF DISMISSAL**
                                         :

LLOYD BLANKFEIN, DAVID M.       :
SOLOMON, M. MICHELE BURNS, MARK :
A. FLAHERTY, WILLIAM W. GEORGE, :
JAMES A. JOHNSON, ELLEN J.      :
KULLMAN, LAKSHMI N. MITTAL,   :
ADEBAYO O. OGUNLESI, PETER    :
OPPENHEIMER, DAVID A. VINIAR, and :
MARK O. WINKELMAN,          :
                                         :
              Defendants,      :
                                         :
               and            :
                                         :
THE GOLDMAN SACHS GROUP, INC.,  :
                                         :
              Nominal      :
              Defendant.    :
                                         :
---------------------------------------------------------X

<u>VERNON S. BRODERICK, United States District Judge</u>:

        A hearing having been held before this Court on January 13, 2023, pursuant to the Court's

Order of September 16, 2022 (the "<u>Preliminary Approval Order</u>"), on the application of the Parties

for approval of the settlement set forth in the Stipulation and Agreement of Settlement, executed

on May 13, 2022 (the "<u>Stipulation</u>" or "<u>Settlement</u>"); due and adequate notice of the Settlement

having been given as required in said Preliminary Approval Order; and the Court having

considered all papers filed and proceedings held herein, and otherwise being fully informed, and

good cause appearing therefor,

   **IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, this 20th day of January, 2023, that:

   1.     This Final Judgment and Order of Dismissal incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the meanings as set forth in the Stipulation.

   2.     Notice has been given to shareholders of The Goldman Sachs Group, Inc. ("Goldman Sachs" or the "Company") pursuant to and in the manner directed by the Preliminary Approval Order; proof of publication of the required notice was filed with the Court; and a full opportunity to be heard has been afforded to all parties, Goldman Sachs shareholders and other interested persons.  The form and manner of the notice provided is hereby confirmed to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Federal Rule of Civil Procedure 23.1, due process and applicable law, and it is further determined that all Goldman Sachs shareholders are bound by the Final Judgment and Order of Dismissal herein.

   3.     The Court reconfirms that, for settlement purposes only, the Action is properly maintained as a shareholder derivative action on behalf of Goldman Sachs, and that Plaintiff fairly and adequately represented the interests of Goldman Sachs and its shareholders.  Plaintiff Counsel is authorized to act on behalf of Goldman Sachs shareholders with respect to all acts required by the Stipulation or such other acts which are reasonably necessary to consummate the Settlement set forth in the Stipulation.

   4.     The Court has reviewed the proposed settlement for adequacy and fairness based on the factors set out in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

Specifically, it has assessed the settlement based on "(1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendants to withstand a greater judgment; and (7) that the Total Settlement Amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation." *Gonzalez v. PB Hudson LLC*, No. 17-CV-2010 (VSB), 2019 WL 11541374, at *2 (S.D.N.Y. Apr. 4, 2019) (citing *Grinnell Corp.*, 495 F.2d at 463). Based on this review, the Settlement is found to be fair, reasonable, and adequate, and is hereby approved in all respects pursuant to Federal Rule of Civil Procedure 23.1. The Parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk is directed to enter and docket this Final Judgment and Order of Dismissal in the Action. The Court finds that this Final Judgment and Order of Dismissal is a final judgment and should be entered in accordance with Federal Rule of Civil Procedure 58.

5.     This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement and this Final Judgment and over all parties to the Action.

6.     The Action and the Released Claims are hereby dismissed on the merits with prejudice as to all Defendants in the Action and against all Released Parties on the merits and, except as may be awarded by the Court as contemplated below in Paragraphs 15 and 16, without fees or costs.

7.     "Released Claims" means the Released Plaintiff Claims and the Released Defendant Claims. "Claims" means any and all manner of claims, demands, rights, liabilities,

losses, obligations, duties, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys'

fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters,

issues and controversies of any kind, nature, or description whatsoever, whether based on state,

local, federal, statutory, regulatory, common, or other law or rule, whether asserted or unasserted,

known or unknown, accrued or unaccrued, matured or not matured, liquidated or not liquidated,

fixed or contingent, including Unknown Claims. "Released Plaintiff Claims" means any and all

claims and causes of action of every nature and description, whether known claims or Unknown

Claims, whether arising under federal, state, local, statutory, regulatory, common, foreign or other

law or rule, that Plaintiff or the Company (i) asserted in the Complaint or (ii) could have asserted,

or could hereafter assert against any of the Released Defendant Parties either directly or

derivatively on behalf of the Company that in any way are based on, arise from or relate to the

allegations, transactions, facts, matters, disclosures or nondisclosures set forth in the Complaint,

including but not limited to the conduct, actions, inactions, deliberations, statements or

representations of any Released Defendant Party.  For the avoidance of doubt, "Released Plaintiff

Claims" shall not include or release:  (i) any claims relating to the right to enforce this Stipulation

or Settlement, or (ii) any direct claims of Plaintiff or any other Goldman stockholder, including

without limitation any direct claims asserted under the federal securities laws, including without

limitation claims asserted in the Second Amended Class Action Complaint, dated October 28,

2019 (ECF No. 63) in *Sjunde AP-Fonden v. The Goldman Sachs Group, Inc. et al.*, No. 1:18-cv-

12084-VSB (S.D.N.Y.).  "Released Defendant Claims" means any Claims that have been or could

have been asserted in the Action, or in any other action or proceeding, by Defendants or any of

their respective successors, transferees and assigns against any of the Released Plaintiff Parties,

which arise out of or relate in any way to the institution, prosecution, settlement or dismissal of

4

the Action.  "Released Defendant Claims" shall not include:  (i) the right to enforce the Settlement; (ii) any Claims that arise out of or relate in any way to the D&O Policies that any of the Defendants has or may have against any of the Insurers; and (iii) any Claims that the Company (or any affiliate thereof) has or may have against Timothy Leissner or Ng Chong Hwa (also referred to as Roger Ng) including, without limitation, any right to clawback, demand forfeiture of, or reduce compensation arising out of or relating to, their employment by the Company or any direct or indirect affiliate thereof.

8.    "Unknown Claims" means any Released Claims which the Released Parties do not know or suspect exist in their favor at the time of the release of the Released Claims as against the Released Parties, including without limitation those which, if known, might have affected the decision to enter into or object to the Settlement.  With respect to any and all Released Claims, and although the Settlement provides for a specific release of the Released Parties, the Parties stipulate and agree that, upon the Effective Date, the Released Parties shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, waived the provisions, rights and benefits of California Civil Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Released Parties shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, waived any and all provisions, rights and benefits conferred by any law of any jurisdiction, state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542.  Any Released Party may hereafter discover facts in addition to or different from those which he, she, they or it now knows

or believes to be true with respect to the Released Claims but, upon the Court's entry of the Final Judgment and Order of Dismissal, the Released Parties shall be deemed to have fully, finally, and forever settled and released any and all Released Claims known or unknown without regard to the subsequent discovery or existence of such different or additional facts. The Released Parties shall be deemed by operation of the Final Judgment and Order of Dismissal to have acknowledged that the foregoing waivers were separately bargained for and are key elements of the Settlement of which this release is a part.

9.     "Released Parties" means the Released Plaintiff Parties and the Released Defendant Parties. "Released Plaintiff Parties" means Plaintiff, on behalf of itself, its legal representatives, heirs, executors, administrators, estates, predecessors, predecessors-in-interest, successors, successors-in-interest, affiliates, transferees, and assigns, and any Person acting for or on behalf of, or claiming under, any of them, and each of them, together with each of their respective officers, directors, managers, general partners, employees, representatives, and agents and Plaintiff Counsel. "Released Defendant Parties" means, whether or not any or all of the following Persons were named, served with process, or appeared in the Action: (i) Goldman Sachs; (ii) the Individual Defendants; (iii) any current or former director or officer of the Company or any of its affiliates; (iv) any Person that is or was related to or affiliated or associated with any or all of Defendants or in which any or all of them has or had a controlling interest; and (v) with respect to each of the Persons set forth or described in (i)-(iv), each of their respective past or present family members, spouses, heirs, trusts, trustees, executors, estates, foundations, administrators, beneficiaries, distributees, agents, employees, fiduciaries, partners, control persons, partnerships, general or limited partners, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, shareholders, principals, officers, managers,

directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, transferees, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, financing sources, lenders, commercial bankers, attorneys (including, without limitation, Defendants Counsel), personal or legal representatives, accountants, tax advisors, insurers, co-insurers, reinsurers and associates.  "Released Defendant Parties" shall not include Messrs. Timothy Leissner, Roger Ng, nor any person who meets the criteria of subparts (iv) or (v) above in respect of Messrs. Leissner or Ng.

10.    As of the Effective Date, the Released Plaintiff Parties, Goldman Sachs and each of Goldman Sachs shareholders to the extent he, she, they, or it are acting or purporting to act derivatively on behalf of Goldman Sachs shall be deemed to have fully, finally and forever released, settled, and discharged the Released Defendant Parties from and with respect to every one of the Released Plaintiff Claims on the terms and conditions set forth in the Stipulation, and shall thereupon be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute, whether directly or indirectly, any Released Plaintiff Claims against any of the Released Defendant Parties.

11.    As of the Effective Date, Defendants shall be deemed to have fully, finally, and forever, released, settled, and discharged the Released Plaintiff Parties from and with respect to every one of the Released Defendant Claims, and shall thereupon be forever barred and enjoined from commencing, instituting, or prosecuting, whether directly or indirectly, any of the Released Defendant Claims against any of the Released Plaintiff Parties.

12.    As of the Effective Date, the Parties shall be deemed bound by the Stipulation and the Final Judgment and Order of Dismissal.  The Final Judgment and Order of Dismissal including,

without limitation, the release of all Released Claims against all Released Parties, shall have res judicata, collateral estoppel, and all other preclusive effects in respect of all pending and future lawsuits, arbitrations, suits, actions, demands or proceedings involving any of the Released Plaintiff Parties or the Released Defendant Parties.

13.     Plaintiff, Goldman Sachs, and each and every Goldman Sachs shareholder are hereby permanently barred and enjoined from asserting, commencing, prosecuting, assisting, instigating, continuing or in any way participating in the commencement or prosecution of any action, whether directly, representatively, derivatively or in any other capacity, asserting any of the Released Claims that are released pursuant to this Final Judgment and Order of Dismissal or under the Stipulation.

14.     The existence of the Stipulation, its contents and any negotiations, statements, proceedings or agreements in connection therewith shall not be offered or received against any Party in any civil, criminal or administrative action, proceeding or forum as evidence of, or construed as or deemed to be evidence of, or in any way referred to for any other reason as against any of the Parties as a presumption, concession or admission:  (i) by Plaintiff of any infirmity in the Claims asserted in the Action; (ii) by any Individual Defendant with respect to his or her liability, negligence or fault in respect of the Claims that have been or could have been asserted in the Action; or (iii) that the consideration to be given hereunder represents the consideration which could be or would have been recovered at trial; *provided, however,* that nothing contained in this paragraph shall apply to references to the Stipulation or accompanying documents in any action, proceeding or forum to effectuate the provisions of the Stipulation

15.     Plaintiff Counsel's Fee Application is granted.  The Court has reviewed the proposed fee based on the "percentage of fund method[]," *Goldberger v. Integrated Res., Inc.*, 209

F.3d 43, 50 (2d Cir. 2000), and applied the "lodestar" method as an additional check on the validity of the percentage award requested. *Nichols v. Noom, Inc.*, No. 20-CV-3677 (KHP), 2022 WL 2705354, at *11 (S.D.N.Y. July 12, 2022). It has also reviewed this award in light of the six "*Goldberger* factors: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Id.* at *10 (quoting *In re Parking Heaters, Antitrust Litig.*, No. 15MC0940DLIJO, 2019 WL 8137325, at *7 (E.D.N.Y. Aug. 15, 2019). The 25 percent award sought is within the range of awards granted by judges in this District. *See, e.g.*, *In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-CV-06728-CM-SDA, 2020 WL 4196468, at *15 (S.D.N.Y. July 21, 2020) ("The 25% attorney fee (net of expenses) requested by Lead Counsel is within the range of percentage fees that have been awarded in the Second Circuit in securities class actions and other similar litigation with comparable recoveries."); *In re Pfizer Inc. S'holder Derivative Litig.*, 780 F. Supp. 2d 336, 343 (S.D.N.Y. 2011) (determining, after collecting cases, that a 28 to 29 percent fee award was reasonable.) The Court's assessment of the *Goldberger* factors and lodestar cross-check further confirm the propriety of the award. Accordingly, Plaintiff Counsel is hereby awarded attorneys' fees in the amount of 25 percent of the Monetary Consideration provided in the Settlement, which amount the Court finds to be fair and reasonable, and which shall be paid to Plaintiff Counsel pursuant to the terms and conditions of the Stipulation.

16.     Plaintiff's application for a Service Award is granted. "Courts in this Circuit routinely award . . . costs and expenses both to reimburse the named plaintiffs for expenses incurred through their involvement with the action and lost wages, as well as to provide an incentive for such plaintiffs to remain involved in the litigation and to incur such expenses in the

first place." *In re Fab Universal Corp. S'holder Derivative Litig.*, 148 F. Supp. 3d 277, 285 (S.D.N.Y. 2015).  Accordingly, Plaintiff is hereby awarded a Service Award in the amount of $5,000, which shall be paid to Plaintiff from Plaintiff Counsel's fee award pursuant to the terms and conditions of the Stipulation.

17.    The effectiveness of this Final Judgment and Order of Dismissal and the obligations of Plaintiff, Plaintiff Counsel, Goldman Sachs, Goldman Sachs shareholders, and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal or other matter that relates solely to the issue of any award for attorneys' fees or reimbursement of expenses.

18.    The Court further orders, adjudges and decrees that all other relief be, and is hereby, denied, and that this Final Judgment and Order of Dismissal disposes of all the claims and all the parties in the above-styled captioned shareholder derivative action.

19.    Without affecting the finality of this Final Judgment and Order of Dismissal in any way, this Court retains jurisdiction over all matters relating to the administration and consummation of the Settlement and all Parties hereto for the purpose of construing, enforcing and administering the Settlement.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20.    The Court finds that the Action was filed, prosecuted, defended, and settled in good faith, and that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rules of Civil Procedure.

21.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, then this Final Judgment and Order of Dismissal shall be rendered null and void to the extent provided by and in accordance with the

Stipulation and shall be vacated, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided for and in accordance with the Stipulation.

**SO ORDERED.**

Dated:      January 20, 2023
            New York, New York

The Honorable Vernon S. Broderick
United States District Judge

11